IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 00-07208(ESL) |
| | : | |
| CARRERO & ASSOCIATES (P.R.), d/b/a | : | CHAPTER 11 |
| PROGRESSA, | : | |
| | : | |
|    Debtor | : | |
| | : | |
| CARRERO & ASSOCIATES (P.R.), | : | ADV. NO. 05-0242 |
| | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LUCENA & RAICES, P.S.C., & AQUINO, | : | |
| DE CORDOVA, ALFARO & CO., LLP, | : | |
| | : | |
|    Defendants/Third Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| PUERTO RICO DEPARTMENT OF | : | |
| HOUSING, et al., | : | |
| | : | |
|    Third Party Defendants | : | |

OPINION AND ORDER

Before the court are the co-defendants' motions for summary judgment, the plaintiff/debtor's opposition, and the co-defendants' reply thereto, as well as the third-party defendant's motion for judgment on the pleadings and the co-defendants' joint opposition thereto.  For the reasons set forth below, co-defendants' motions for summary judgment are granted.

AO 72
(Rev. 8/82)

Background

*Aquino, De Cordova, Alfaro & Co., LLP*

On April 1, 1995, debtor Carrero & Associates, Inc. ("Carrero") entered into a contract with the Puerto Rico Public Housing Administration ("PRPHA") to render certain services for a government-funded initiative known as *"Nueva Puerta de San Juan"*; said contract was amended four times. On March 3, 2000, the PRPHA issued a "Request for Proposal" soliciting proposals from qualified accounting firms to perform Agreed Upon Procedures[1] for the PRPHA's full contract with debtor. Pursuant to that invitation, on March 7, 2000, several accounting firms attended a pre-auction meeting at the PRPHA's offices and, on that same date, the firm of Aquino, De Cordova, Alfaro & Co., LLP ("Aquino") submitted its proposal to the PRPHA entitled "Puerto Rico Department of Housing proposal to conduct Agreed Upon Procedures".

On April 25, 2000, the PRPHA's administrator, John Blakeman III, approved Aquino's proposal and instructed the firm to begin the Agreed Upon Procedures; however, it was not until June 16, 2000, that they signed the "Agreement for Professional Services Agreed Upon Procedures over URD or HOP IV, EDSS, CGP Funds, and Any Other Federal Programs Administered by Progressa" (the "Agreed Upon Procedures Contract"). According to Aquino, it was not performing an audit of the *"Nueva Puerta de San Juan"* nor making any legal conclusions regarding debtor's compliance with the

---

[1]According to Aquino, "[i]n the field of public accounting, an "agreed upon procedure" is an engagement pursuant to which a client specifies the procedures and scope of the tasks to be performed by the Certified Public Accountant, and said accountant agrees to perform those."

2

AO 72
(Rev. 8/82)

contract.

*Lucena & Raices, P.S.C.*

On October 8, 1998, debtor entered into an agreement with the Puerto Rico Department of Housing ("PRDH") to render certain services for the *"Nuevo Hogar Seguro"* government-funded housing initiative. On April 18, 2000, the PRDH retained Lucena & Raices, PSC ("Lucena") to perform certain Agreed Upon Procedures related to debtor's performance of, and compliance with, the *"Nuevo Hogar Seguro"* contract. Thereafter, the PRDH requested an opinion from its legal department as to the validity of the *"Nuevo Hogar Seguro"* contract. On June 19, 2000, outside counsel presented a legal memorandum, concluding that the contract was contrary to established precepts and recommending its cancellation.

*Bankruptcy Proceedings*

On June 20, 2000, debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code. On June 21, 2000, the PRDH terminated the *"Nuevo Hogar Seguro"* contract with the debtor. On June 22, 2000, debtor filed an adversary proceeding against the PRPHA and the Commonwealth of Puerto Rico claiming breach of contract and damages for non-compliance with the contracts[2]. On June 29, 2000, the PRPHA terminated the *"Nueva Puerta de San Juan"* agreement with debtor. On August 28, 2000, debtor filed a complaint against the PRPHA and the PRHD and their officials before the Superior Court of Puerto Rico. A settlement in the state court litigation was reached with the state officials on December 19, 2001, and on October 28, 2004, a

_____

[2]Said adversary complaint was eventually dismissed with prejudice on June 30, 2000.

3

AO 72
(Rev. 8/82)

settlement stipulation was reached between debtor and the PRPHA and the PRHD[3].

On July 12, 2001, debtor sent the first claim letters to Aquino and Lucena for damages pursuant to Article 1802 of the Civil Code of Puerto Rico, which debtor argues was caused by the accountants' allegedly-negligent performance under the "Agreed Upon Procedures" contracts with the PRPHA and the PRHD which, according to debtor, resulted in those agencies cancelling the "*Nueva Puerta de San Juan*" and "*Nuevo Hogar Seguro*" contracts. On February 4, 2003, debtor sent a second claim letter to Aquino and Lucena, followed by a third claim letter sent on April 27, 2005. The three claim letters sent to Aquino and Lucena were identical, and all went unanswered by Aquino and Lucena.

On October 27, 2005, debtor filed the instant adversary proceeding against Aquino and Lucena, claiming damages resulting from their alleged malpractice which led to the PRPHA's cancellation of the "*Nueva Puerta de San Juan*" and "*Nuevo Hogar Seguro*" contracts. Aquino and Lucena argue that the complaint should be dismissed because the action was filed nearly 6 years after the termination of the contracts and the applicable statute of limitations is one year which has clearly expired, even in light of the three claim letters.

Discussion

*Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that

---

[3]The stipulation was approved by the bankruptcy court on December 21, 2004.

AO 72
(Rev. 8/82)

summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1ˢᵗ Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright and Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id.

*Tolling of the Statute of Limitations*

Aquino and Lucena's request for dismissal is based solely on the tolling of the statute of limitations. The debtor's action against Aquino and Lucena was brought pursuant to Article 1802 of the Puerto Rico Civil Code, which provides that "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done". 31 L.P.R.A. § 5141. According to Article 1868 of the Civil Code, actions brought pursuant to this section must be brought within one year of "the time the aggrieved person had knowledge thereof". 31 L.P.R.A. § 5298.

5

This one year statute of limitations may be tolled by a judicial claim, an extra-judicial claim or the acknowledgment of guilt or debt. For an extra-judicial claim to toll the statute of limitations, it must be done within the one year period, it must be asserted by the aggrieved party, the mechanism must be ideal, the cause of action stated in the extra judicial claim must be exactly the same as that affected by the tolled period, it must be directed to the party responsible for the damage, and the burden of proving that the prescriptive period has not tolled rests on the party against whom the issue is raised. Galib Frangie v. El Vocero, 138 D.P.R. 560 (1995). If the aggrieved party creates a valid extra-judicial claim, the applicable statute of limitations is reset as soon as the party responsible for the damage actually receives or is effectively notified of the claim. Diaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471 (1980). However, the one year statute of limitation tolls again as soon as the party responsible for the damage denies responsibility or, at the date of the extra judicial notification the party responsible for the damage does not answer the allegations.

According to Aquino and Lucena, this adversary proceeding was filed more than five years after debtor became knowledgeable of the facts giving rise to their claim. They argue that in the complaint, and in their claim letters, debtor avers that they became aware at a hearing held on June 27, 2000, that Aquino's allegedly-negligent acts were behind the termination of the *"Nueva Puerta de San Juan"* and *"Nuevo Hogar Seguro"* contracts. Therefore, according to Aquino, the one-year statute of limitations expired on June 27, 2001, and the first claim letter sent by debtor to Aquino on July 12, 2001, did not toll the statute of limitation because the same had already expired. In the alternative, Aquino

6

argues that, even if the first claim letter was timely, then debtor had until July 12, 2002 to send a new extra judicial claim or file the appropriate judicial claim; instead, debtor did not send a second claim letter until February 4, 2003. Similarly, more than two years passed between the second claim letter on February 4, 2003 and the third claim letter on April 27, 2005.

Debtor agrees that the claims letters it sent to Aquino and Lucena are insufficient alone to toll the statute of limitations, but argues that both Aquino and Lucena are joint tortfeasors with the PRPHA because the agency relied on their audits in terminating the *"Nueva Puerta de San Juan"* and *"Nuevo Hogar Seguro"* contracts and, further, that the statute of limitation was tolled because it was not until the litigation with the PRPHA was settled on October 28, 2004, that the agency confirmed the crucial role that the Aquino and Lucena audits played in the decision to terminate debtor's contracts.

Aquino and Lucena counter that they cannot be considered joint tortfeasors with the PRPHA and the PRHD under Puerto Rico law because the debtor's causes of action against them, for malpractice, are different than the cause of action raised against the PRPHA and the PRHD, for breach of contract. Further, they argue that debtor cannot reasonably claim that they first become knowledgeable of their cause of action against Aquino and Lucena on October 28, 2004, when they settled their action against the PRPHA and the PRHD when, more than three years earlier, on July 12, 2001, they sent claim letters to Aquino and Lucena seeking millions of dollars in damages for the firms' reports used by the PRPHA and PRHD to cancel their agreements with debtor. Said letters further stated that debtor would file a legal action under Articles 1802 and 1803 of

7

the Puerto Rico Civil Code, 31 L.P.R.A. §§5141 - 5142 and that the same are intended to toll the statute of limitations under 31 L.P.R.A. § 5298.

The court agrees with Aquino and Lucena that the debtors action is barred by the one-year statute of limitations applicable herein.  The complaint indicates that debtors were aware that Aquino's report was the basis for the PRPHA's decision to terminate the "*Nueva Puerta de San Juan*" contract, and that Lucena's report was the basis for the PRDH's decision to terminate the "*Nuevo Hogar Seguro*" contract, as early as a hearing held in the bankruptcy court on June 27, 2000.  *See* Complaint, dkt. #1 at ¶¶ 12, 16 & 17. Furthermore, the first claim letter, sent to Aquino on July 12, 2001, clearly states that

> On or about June 29, 2000, the PRPHA terminated the agreement with Progressa based on certain preliminary findings brought by your firm on an "Independent Accountant's Report on Applying Agreed-Upon Procedures" for the NPSJ project.
>
> ...
>
> The unlawful termination of PRPHA's agreement has caused Progressa irreparable damages and serious repercussions to its corporate well being.  Moreover, Progressa has been unnecessarily exposed to the burden of defending itself from alleged irregularities that never existed.  Said damages are the direct result of your firm's failure to comply with the standards from the American Institute of Certified Public Accountants.
>
> ...
>
> In the event this communication is disregarded, we will be forced to file the corresponding action in a court of law for damages due to your firm's vicarious and contributory negligence pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141-5142. Pursuant to Article 1868, 31 L.P.R.A. § 5298, also be

8

AO 72
(Rev. 8/82)

> advised that this communication constitutes a formal request from Progressa to your firm and it is intended to be interpreted as such for purpose of tolling any statute of limitation provided by law.

*See* Exhibits to Aquino's Motion for Summary Judgment, dkt. #24 at pp. 36-37[4]. Thus, despite their allegations to the contrary, debtor was clearly aware, as of July 12, 2001, that, according to the PRPHA and the PRDH, the reports prepared by Aquino and Lucena were the basis for their decisions to cancel their contracts with debtors. Assuming this extra-judicial claim was brought within the original statute of limitations period, the new period expired on July 13, 2002, one year after the claim was received by Aquino and Lucena. The subsequent claim letter was not sent until February 4, 2003, well more than one year after the first claim letter was received; it was therefore insufficient to further toll the statute of limitations for debtor's cause of action.

Debtors argument that Aquino and Lucena are joint tortfeasors with the PRPHA and the PRDH is without merit; as defendants point out, the cause of action brought by debtor against the government agencies pertained to a different section of the Puerto Rico Civil Code than the action currently being brought against the accountants. Debtor's claim that it did not know that the decision to terminate their contracts was based upon the accountants' reports is clearly belied by the claim letters they sent to the accountants on July 12, 2001, as detailed above

---

[4]Similar allegations were made against Lucena regarding the debtor's contract with the PRDH. *See* Exhibits to Lucena's Motion for Summary judgment, dkt. #25 at pp. 12-13.

AO 72
(Rev. 8/82)

<u>Conclusion</u>

The motions for summary judgment filed by Aquino, De Cordova & Alfaro & Co. (dkt. #24) and Lucena & Raices, P.S.C. (dkt. #25) are granted.  In light thereof, the third-party defendant's motion for judgment on the pleadings (dkt. #49) is moot.  The Clerk shall enter judgment dismissing the complaint and the third-party complaint.

SO ORDERED.

In San Juan, Puerto Rico, this 20th day of April, 2007.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

10

AO 72
(Rev. 8/82)